UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DEBORAH LACKEY, | ) | |
|---|---|---|
| Plaintiff, | ) | Cause No.: 1:09-CV-00363 |
| v. | ) | |
| BIOMET INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the *pro se* Plaintiff's Motion for an Extension of Time to Complete Discovery (Docket # 26), asking that the previous nine-month discovery period be extended at least another forty-five days. The Defendant, Biomet, Inc., filed a response (Docket # 27) in opposition and the Plaintiff, Deborah Lackey, has replied. (Docket ## 34, 35.) Because Lackey offers no good cause for an extension, her Motion will be DENIED.

*A. Factual and Procedural History*

This case began on December 29, 2009, when Lackey filed her *pro se* complaint, alleging that Biomet, her former employer, unlawfully terminated her employment on the basis of her gender, race, religion, age, and disability status. (Docket # 1.)

On March 16, 2010, the Court held a Rule 16 Preliminary Pretrial Conference. (Docket # 18.) The Report of the Parties' Planning Meeting was approved, and the Court adopted the parties' request that December 15, 2010, be set as the last date for the completion of all

1

discovery. (Docket ## 15, 19.)

Over the next nine months, Biomet served Lackey with discovery requests and took her deposition. On the other hand, Lackey apparently did no discovery until approximately one week prior to the December 15, 2010, deadline, when she sent Requests for Admissions[1] and for Production of Documents, as well as several hundred Interrogatories, to nine non-party Biomet employees.

On the December 15, 2010, deadline, Lackey filed the present Motion for an Extension of Time to Complete Discovery. (Docket # 26.) In her supporting affidavit, she states that "[d]ue to fortuitous circumstances," she needs at least forty-five more days to complete discovery. (Docket # 26, pg. 12.)

In response, Biomet argues that Lackey waited to serve her discovery requests until only a few days before the discovery deadline of December 15, 2010—instead of, for instance, the thirty days minimum contemplated by Federal Rule of Civil Procedure 33(b)(2)—and has failed to show good cause for extending the discovery period. (Docket # 27.) Additionally, Biomet argues that extending the discovery deadline would be futile, because Lackey's discovery requests grossly exceed the agreed-upon (and Court-established) limit of thirty Interrogatories and generally seek irrelevant and unduly burdensome information.[2] Biomet also points out that Lackey served her discovery requests directly on several of its employees,

---

[1] Although there is some dispute on the point, this Court has previously held, and reaffirms here, that Requests for Admissions are discovery. *See Shroyer v. Vaughn*, No. 1:00-cv-256, 2002 WL 32144316, at *2 n.2 (N.D. Ind. July 10, 2002). *See also United States v. Guidant Corp.*, No. 3:03-0842, 2010 WL 2838539, at *1-3 (M.D. Tenn. July 19, 2010) (discussing the question at length and concluding that Requests for Admissions are discovery). Accordingly, Lackey's Request for Admissions is also governed by the discovery deadline.

[2] Lackey has not sought leave to submit additional interrogatories and makes no effort to explain, *see* Fed. R. Civ. P. 26(b)(2), why she should be allowed more than those originally allotted. *See* Fed. R. Civ. P. 33(a)(1).

who, while arguably involved in the events giving rise to her claim, are not parties and thus not answerable to interrogatories under Federal Rule of Civil Procedure 33(a).

When Lackey failed to file a Reply, the Court, on its own motion, granted her until January 13, 2011, to reply. (Docket # 28.) On January 13, 2011, however, Lackey, in lieu of a Reply Brief, filed a Motion for Extension of Time, seeking an additional thirty days to reply. (Docket # 29.) To facilitate a resolution of the dispute on the merits, the Court granted her until February 14, 2011, to reply. (Docket # 30.) Meanwhile, as Lackey was preparing her Reply, Biomet filed a Motion for Summary Judgment on February 8, 2011, together with a Court-specified notice. (Docket ## 31, 33.)

On February 15, 2011, Lackey filed her Reply. (Docket ## 34, 35.) In sum, she offers essentially one basis for good cause to extend the discovery period—namely, she was waiting for the Court to rule on her Motion for Discovery Order Concerning Materials As To Which Privileges May Be Asserted (Docket # 17)—a motion that asks the Court to establish a procedure for the discovery of privileged information. Lackey also claims, without citing any authority, that her discovery requests are substantively and procedurally proper and that, in any event, she is entitled to do additional discovery under Federal Rule of Civil Procedure 56(f)[3] before responding to the pending Motion for Summary Judgment.

### B. Standard of Review

As a general rule, the discovery deadline sets the date by which all discovery must be completed; indeed, that was the formulation proposed by the parties and adopted by the Court

---

[3] Lackey should note that after the 2010 Amendments to the Federal Rules of Civil Procedure, Rule 56(f) has been re-cast as Rule 56(d). She may wish to refer to Biomet's Notice (Docket # 33) for the text of the current Rule.

here.  Therefore, absent a stipulation, interrogatories, requests for production, and almost all discovery must be served at least thirty days prior to the completion of discovery. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003); *Shadle v. First Fin. Bank, N.A*, No. 1:09-cv-37, 2009 WL 3787006, at *1 (N.D. Ind. Nov. 10, 2009); *see, e.g.*, Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.").

"Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R. Civ. P. 16(b); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.  In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

*C. Discussion*

In support of her Motion, Lackey seems to offer two reasons why good cause exists to extend the discovery period.  She first claims that "fortuitous circumstances" prevented her from conducting discovery during the approximately nine-months that discovery was open.  In her Reply, however, she also argues that she was unable to conduct discovery because she was waiting for the Court to rule on her March 12, 2010, Motion for Discovery Order. (Docket #

17.)

These arguments fall far short of establishing good cause to extend the discovery period. For instance, the record repeatedly shows that Lackey knew that December 15, 2010, was the last date for the completion of all discovery; indeed, that formulation and date appears in the March 12, 2010, Report she helped draft. (Docket # 15.) The Court then orally confirmed the December 15, 2010, deadline during the March 16, 2010, Preliminary Pretrial Conference and adopted it as part of its Scheduling Order. (Docket # 18.) Furthermore, approximately one month later, the parties' Joint Status Report again confirmed December 15, 2010, as the last date for the completion of all discovery. (Docket # 21.)

Although Lackey cryptically claims that "fortuitous circumstances" drove her to seek additional time to complete discovery, she tellingly provides no information or details about them. Moreover, she also makes no effort to show that, despite her diligence, she was unable to complete discovery within the nine months the parties originally allotted to themselves for the task. *See Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. Indeed, it appears that Lackey inexplicably stood by for nearly nine months while Biomet did all the discovery, ignoring the general admonition that even *pro se* litigants must comply with the Court's procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure").

Lackey's second argument—that she was waiting for the Court to rule on her Motion for Discovery Order— is similarly unpersuasive. The Court took up the Motion at the March 16, 2010, Scheduling Conference (*see* Docket # 18), and explained to Lackey that the separate

order she was requesting was unnecessary because claims of privilege are already governed by Federal Rule of Civil Procedure 26(b)(5)(A). She was thus informed that if Biomet withheld information on the basis of privilege, it would be required to produce a "privilege log" describing the withheld documents and, if necessary, the Court would then determine the efficacy of the claimed privilege. Accordingly, the Court twice informed Lackey during the Conference that her Motion was denied but that the Court would incorporate Rule 26(b)(5) into its Scheduling Order. (*See* Docket # 19.) Lackey acknowledged the ruling on the record and the denial of her Motion is reflected on the March 16, 2010, docket entry. (Docket # 18.)

Therefore, faced with this record, Lackey's argument—that she could not conduct discovery because she was waiting for the Court to rule on her Motion—is not only unpersuasive, it runs counter to the facts and fails to establish good cause to extend the discovery period.

### *D. Conclusion*

Because Lackey has failed to show good cause to extend the discovery period, her Motion for Extension of Time (Docket # 26) is DENIED. Nevertheless, even though discovery is now closed, Lackey is not precluded from filing a motion under Federal Rule of Civil Procedure 56(d), supported by an affidavit or declaration that explains her need "to take

6

discovery" prior to responding to the Motion for Summary Judgment.[4]

SO ORDERED.

February 17, 2011

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[4] The Seventh Circuit Court of Appeals requires a party seeking the protection of Rule 56(d) to make a good faith showing that she cannot respond to the movant's affidavits. *Kalis v. Colgate-Palmolive* Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002). This requires the filing of an affidavit by the non-movant, articulating the reasons why she is unable to submit the necessary material to the court. *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1. The non-movant must also identify the material facts that she anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance); *Neal*, 2002 WL 32144315, at *1. Additionally, a plaintiff must show that she has not been dilatory in pursuing discovery. *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.