UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DEBORAH LACKEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  CAUSE NO. 1:09-cv-363 |
| | ) |
| **BIOMET INCORPORATED,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION and ORDER

Before the Court is a motion (Docket # 43) filed by *pro se* Plaintiff Deborah Lackey, requesting an extension of time to perform some discovery before responding to Defendant Biomet Incorporated's summary judgment motion (Docket # 31). For the reasons stated herein, Lackey's motion for an extension of time will be DENIED.

### A. *Factual and Procedural Background*

Lackey filed this action against Biomet, her former employer, on December 29, 2009, alleging that she was terminated, in part or in whole, because of her gender, race, creed, religion, age, her tendonitis, or in retaliation for complaining about discriminatory treatment. (Docket # 1.) A scheduling conference was held on March 16, 2010, at which a discovery deadline of December 15, 2010, was established. (Docket # 18.) Another scheduling conference took place on April 27, 2010, at which a dispositive motion deadline of February 15, 2011, and a trial date of July 11, 2011, were set. (Docket # 23.)

During the nine-month discovery period, Biomet served Lackey with discovery requests and took her deposition. (Op. and Order, Feb. 17, 2011, at 2.) Lackey, on the other hand,

apparently did no discovery until approximately one week prior to the December 15, 2010, deadline, when she sent requests for admissions and production of documents, together with several hundred interrogatories, to nine non-party Biomet employees. (Op. and Order, Feb. 17, 2011, at 2.)

On the December 15, 2010, deadline, Lackey requested an extension of the discovery period. (Docket # 26.) Biomet timely responded, but Lackey failed to timely reply. (Docket # 28.) The Court on its own motion afforded her until January 13, 2011, to file a reply to her motion. (Docket # 28.) Lackey, however, failed to file a reply brief by that date and instead requested an extension of time within which to file her reply. (Docket # 29.) The Court granted her motion, allowing her until February 14, 2011, to file a reply brief. (Docket # 30.)

On February 8, 2011, before Lackey had filed a reply, Biomet filed a motion for summary judgment. (Docket # 31.) One week later, Lackey filed her reply brief to the motion for an extension of discovery. (Docket # 34, 35.) Two days later, the undersigned Magistrate Judge denied her request for an extension of the discovery period, but explained to Lackey that she was not precluded from filing a motion under Federal Rule of Civil Procedure 56(d), supported by an affidavit that explains her need to perform discovery prior to responding to Biomet's motion for summary judgment. (Docket # 36.)

On April 11, 2011, Lackey filed a motion for review of the Magistrate Judge's February 17, 2011, Order. (Docket # 41.) Upon review, the District Judge found no grounds to overturn the February 17, 2011, Order, and therefore denied Lackey's motion; nevertheless, the District Judge granted Lackey one final extension—until April 27, 2011—to file her response to Biomet's summary judgment motion. (Docket # 42.) Not to be deterred, Lackey filed the instant

motion on April 18, 2011, asserting that she needs to perform discovery in order to respond to Biomet's summary judgment motion, and her motion is now fully briefed. (Docket # 43, 44, 47.)

### B. *Applicable Legal Standard*

Federal Rule of Civil Procedure 56(d), restyled without substantial change from the former Rule 56(f), provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). "Rule 56[(d)] is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

The Seventh Circuit Court of Appeals requires a party seeking the protection of Rule 56(d) to make a good faith showing that she cannot present facts essential to justify her opposition to the movant's summary judgment motion. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002). This requires the filing of an affidavit or declaration by the non-movant, articulating the reasons why she is unable to submit the necessary material to the court. *Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1. The non-movant must also identify the material facts that she anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999); *Neal*, 2002 WL 32144315, at *1. Additionally, a plaintiff must show that she has not been dilatory in pursuing discovery.[1] *Kalis*, 231 F.3d at 1058

---

[1] Relevant factors to consider include "(1) the length of the pendency of the case prior to the Rule 56[(d)] request; (2) whether and when plaintiff could have anticipated [her] need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the

n.5; *Neal*, 2002 WL 32144315, at *1.

## *C. Analysis*

Here, the affidavit that Lackey submits in support of her Rule 56(d) motion fails to address any of the critical points recited above—that is, the material facts she anticipates discovering, the reasons why she is unable to submit the necessary material to the Court, and evidence that she has not been dilatory in pursuing discovery.[2] (Mot. Ex. 1.) Instead, she simply refers to her April 11, 2011, motion for review of the Magistrate Judge's Order denying an extension to discovery and asserts vaguely that she "sustained harm" as a result of Biomet's employees' failure to answer her interrogatories. Then, in her reply brief, Lackey rehashes the same arguments (and attachments) raised in her December 15, 2010, motion for extension of discovery and her April 11, 2011 motion for review, both of which were denied.

Of course, "vague assertions that discovery would develop genuine issues of material fact" are insufficient to grant a continuance. *Grundstad*, 166 F.3d at 873. Giving Lackey every reasonable inference, it seems that she wants to do discovery to uncover evidence that contradicts the affidavits of two witnesses that Biomet relies upon in its motion for summary judgment. Lackey, however, offers *no* concrete examples of proposed discovery on, for instance, an "interrogatory by interrogatory" basis. *See United States v. All Assets & Equip. of West Side Bldg. Corp.*, 58 F.3d 1181, 1190-91 (7th Cir. 1995) (denying continuance where

---

trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and [her] claim dismissed; and (8) whether the requested information was inaccessible to plaintiff." *Neal*, 2002 WL 32144315, at *2 (quoting *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp 332, 344 (N.D. Ill. 1997)).

[2] Lackey asserts that she is bringing her motion under Rule 56(f), rather than Rule 56(d). Of course, Lackey is mistaken, as Rule 56(d) is the applicable rule.

claimants' motion lacked specificity concerning what information they hoped to uncover in discovery and how such information would refute the government's showing of probable cause); *Neal*, 2002 WL 32144315, at *2 (denying continuance where plaintiff failed to identify the material facts which he anticipated discovering).

Furthermore, as observed in the Court's February 17, 2011, and April 14, 2011, Orders, Lackey has been dilatory in pursuing discovery. She cites her numerous health and personal issues as a reason for her delay, but nonetheless fails to explain why, given such limitations, she waited until the last week of the nine-month discovery period to serve her first discovery requests and her first request for an extension of time. Indeed, the record repeatedly shows that Lackey knew that December 15, 2010, was the deadline for the completion of all discovery and, in fact, that she consented to that deadline in the Report of Parties' Planning Meeting. (*See, e.g.*, Docket # 15, 18, 21.)

Lackey also blames her delay in completing discovery on the fact that the parties were unable to agree upon guidelines and limitations concerning the discovery of electronically-stored information ("ESI"), alleging that the issue was "neglected" or "postpone[d]". (*See* Docket # 15.) Lackey's assertion, however, is unavailing, as she has failed to produce *any* evidence that she diligently pursued the matter of ESI with opposing counsel after their March 9, 2010, Rule 26(f) conference. Moreover, even at this late date, Lackey offers no solid indications that electronic discovery would uncover anything she could use to thwart summary judgment. *See All Assets & Equip.*, 58 F.3d at 1190-91; *Neal*, 2002 WL 32144315, at *2.

In short, it appears that Lackey inexplicably "ignor[ed] the general admonition that even *pro se* litigants must comply with the Court's procedural rules." (Op. and Order, Feb. 17, 2011,

5

at 5 (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 658 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)).  Accordingly, her request for leave to conduct discovery pursuant to Rule 56(d) (Docket # 43) is DENIED.

Lackey is given up to and including June 2, 2011, to file her response to Biomet's motion for summary judgment.  Consistent with the District Judge's April 14, 2011, Order, Lackey is warned that her failure to file a response to Biomet's summary judgment motion will result in the factual assertions offered by Biomet being taken as true and uncontested by this Court. (*See* Order, April 14, 2011, at 4 (citing *Timms v. Frank*, 953 F.2d 281, 285-86 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).)  Further, Lackey is cautioned that a failure to respond to Biomet's motion could ultimately result in summary judgment being granted, and the case being closed, in Biomet's favor. (*See* Order, April 14, 2011, at 4.)

SO ORDERED.

Enter for May 19, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge